## Wadlinger, Appellant, *v.* Washington German B. & L. Association.

*Building Association—Appropriation of payments.*

Where a member of a building association obtains a loan from the association and gives as security therefor a judgment on his real estate, and makes to the association an assignment of his stock waiving all benefits from it, he cannot, after he has assigned his title in the stock to another person, direct that the payments on his stock shall not be applied to the payment of his indebtedness, but that the same shall be collected from his real estate.

In such a case the association has a right to credit the withdrawal value of the shares upon the judgment debt and collect the balance from the fund raised by the sale of the real estate.

*Pledge of stock—Withdrawal.*

A member of a building association cannot be a withdrawal stockholder so long as his stock is held in pledge by the association.

Argued Feb. 14, 1893. Appeal, No. 78, Jan. T., 1893, by plaintiff, George J. Wadlinger, from judgment of C. P. Schuylkill Co., Nov. T., 1888, No. 207, on verdict for defendant. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and McCOLLUM, JJ.

Assumpsit for value of stock in building association.

At the trial, before BECHTEL, J., plaintiff claimed to recover

the value of five shares of stock in defendant association, which the association refused to transfer to him.   The facts of the case appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned*, inter alia, was above instruction, quoting it.

*George J. Wadlinger*, for appellant, cited : Endlich on Building Associations, § 452 ; Loan Asso. v. Moore, 47 Pa. 233 ; Harris's Ap., 18 W. N. 14 ; Shober v. Saving Fund, 35 Pa. 223 ; Economy Building Asso. v. Hungerbuehler, 93 Pa. 258 ; Spring Garden Asso. v. Tradesmen's Asso., 46 Pa. 493 ; Link v. Germantown Building Asso., 89 Pa. 19 ; Greenfield's Est., 1 Chest. Co. R. 356 ; Watkins v. Building Association, 97 Pa. 522 ; Early & Lane's Ap., 89 Pa. 411 ; Central Asso. v. Schmitt, 12 W. N. 239 ; North America Building Asso. v. Sutton, 35 Pa. 463 ; German Union Saving Fund v. Sendmeyer, 50 Pa. 67.

*T. H. B. Lyon*, for appellee, cited : Loan Asso. v. Moore, 47 Pa. 233 ; Early and Lane's Ap., 89 Pa. 411 ; Economy Building Asso. v. Hungerbuehler, 93 Pa. 258 ; Watkins v. Building and Loan Association, 97 Pa. 524.

PER CURIAM, February 27, 1893 :

In 1881, one Nicholas Thoerner became the owner of five shares of the Washington German Building and Loan Association, appellee.   In the year 1882, he obtained a loan of $1,000 from the company, giving, as security for the loan, a judgment which bound his real estate.   As additional security, required by the constitution and by-laws of the company, he assigned to it the five shares of stock referred to.   The assignment was absolute upon its face, and contained this stipulation : " And further, I hereby waive and relinquish unto the same all benefits which may hereafter accrue to me, my heirs, administrators and executors forever."   On the 1st of June, 1887, Thoerner assigned to the appellant all his title to the five shares of stock referred to.   At the time of this assignment the certificates of stock were in the possession of the company under the first assignment, and have remained in its possession since that time. The lien of the judgment referred to on the real estate of Thoerner was discharged by a sheriff's sale thereof, on a junior judgment, on the 10th of September, 1887.   On the 9th of November

following, Thoerner gave notice to the building association that the payments on his stock should not be applied to the pay ments of his indebtedness, but that the same should be collected from the real estate.   The association declined to resort to the proceeds of the real estate until after its value had been credited upon the judgment.

Whatever may have been the right of Thoerner, prior to his assignment of the stock to the appellant, to direct that the payments on said stock should not be applied to the payments of his indebtedness on the judgment, we think he had no such right after that assignment.   By his transfer of it to the appellant he indicated his intention to not appropriate the stock to his judgment debt, and put it in the power of the association to appropriate: Philadelphia Mercantile Loan Association v. Moore, 47 Pa. 233.   Moreover, by the very terms of the assignment to the association he waived and relinquished all benefits which might thereafter accrue to him, his heirs, administrators and executors forever.

The notice of withdrawal given on the 10th of September, 1887, we think was of no effect.   He could not be a withdrawal stockholder so long as his stock was held in pledge by the association : Watkins v. The Building & Loan Association, 97 Pa. 514.

It appears from the evidence that the association, by virtue of a resolution of its board of directors, directed the withdrawal value of the shares to be credited upon the judgment debt, which was done.   The association collected the balance of its judgment from said fund after the credit referred to had been given.   Under the circumstances, we think it had a right to do this, and that it was a valid appropriation.   It was in the power of the association to appropriate after the failure to appropriate by Thoerner.   He failed to appropriate until it was beyond his power to do so.

Judgment affirmed.