# Johnson *v.* Sharon Building Association.

*Building and loan associations—Loans—Application of payments on stock.*

Payments of instalments upon the stock of a building and loan association are not ipso facto payments upon a loan secured by a mortgage to the association for which the shares are assigned as a collateral security. The mortgagor may apply his payments on stock to the loan, a license to do so being implied in the nature of the relation between building and loan associations and their shareholders; and the association may also make such application by virtue of the assignment of the stock as a collateral security for the loan. In order to effectuate such an application an act of appropriation must be made by one or other of the parties, and strangers to the transaction can require nothing which one or other of the parties did not.

Where a stockholder in a building and loan association executes a mortgage to the association and pledges his stock as security for the payment of the mortgage debt, and subsequently executes a second mortgage to a stranger, and thereafter assigns his stock to a third person, and the building and loan association by a resolution in proper form applies the shares in part payment of the amount due on the loan, and at a sheriff's sale of the mortgaged property, a fund is raised not sufficient to pay the loan, the association has the right as against the assignee of the stock to apply the entire value of the stock to the payment of its mortgage, to the benefit of the second mortgage.

*Equity—Marshaling assets—Debtor and creditor.*

Where a creditor has a lien upon two funds, both of which are subject to junior liens, he is not obliged to resort to one rather than the other to satisfy his debt.

*Building and loan associations—Notice of withdrawal by assignee of stock.*

Where an owner of shares of a building and loan association has assigned his shares to the association as collateral for a loan, and subsequently has assigned them to another person subject to the first assignment, notice of withdrawal by the assignee is ineffective, if it appears that the loan to the association has not been paid.

Argued Nov. 19, 1900. Appeal No. 222, Oct. T., 1900, by defendant, from judgment of C. P. Delaware Co., March T., 1898, No. 156, on verdict for plaintiff in case of Paul D. Johnson to use of Samuel Johnson v. The Sharon Building Association. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit to recover the value of certain shares of stock of a building and loan association.   Before CLAYTON, P. J.

At the trial it appeared that in December, 1888, Paul D. Johnson subscribed for twelve shares of the stock of the Sharon Building Association, and borrowed from the association $2,400 for which he assigned his shares as collateral security.   He also executed a bond and mortgage as additional security.   In January, 1889, Paul D. Johnson executed a second mortgage to M. F. LaRoche for $532.   In June, 1897, Paul D. Johnson assigned the twelve shares of stock to Samuel A. Johnson subject to the first assignment to the building association.   In December, 1897, the building and loan association sued upon its mortgage and recovered a judgment, resulting in a sale of the mortgaged premises.   The sale realized $1,901.   The proceeds were paid into court upon the petition of Valentine Geng, assignee of the second mortgage.

About the time of the sheriff's sale the building association received notices from Samuel A. Johnson, the transferee of the twelve shares of stock, and from Valentine Geng, the holder of the second mortgage, the former insisting that the association should first look to the proceeds of the sale of the real estate for payment of its claim, and only resort to the stock for the deficiency, and the latter requiring it to first exhaust the stock before making any claim against the real estate.

In April, 1898, the directors of the association passed the following resolution:

" Resolved that the payments made upon the stock pledged as collateral security for the loan to Paul D. Johnson be applied in part payment of the amount now due by said Paul D. Johnson, and that the solicitor be instructed to claim the balance due Paul D. Johnson out of the proceeds of the sale of the mortgaged real estate."

Upon the hearing before the auditor appointed to distribute the proceeds of the sale of the real estate, it appeared that the payments made upon the stock amounted to $1,356, and that the balance due the association was $1,467.99.

This sum was accordingly awarded to the association, and the remainder of the fund, after deducting costs and certain claims on taxes, was awarded to Valentine Geng on account of his mortgage.   The amount so awarded to him was $174.51.

The suit was brought before payment was made to the association.

The court directed a verdict for the plaintiff for $556.71, with interest from March 30, 1898, subject to the following points of law reserved:

" 1. Whether the association, when the stock was canceled was bound to give the mortgagee credit for the withdrawal value including profits, or only credit for the amount actually paid in.

" 2. Whether the association had the right, as against the interest of the assignee of the stock, to apply the entire value of the stock to the payment of the mortgage to the benefit of the second mortgage to the amount of $174.51. I do not say you did it for the purpose of benefit, we do not mean that.

" It is agreed by counsel that the court may mold the verdict in accordance with its opinion in the above points reserved; it is also agreed that the amount of the profits of the stock was $382.20, and that the amount of the fund appropriated to the second mortgage was $174.51; it makes the total amount of the verdict $556.71, with interest."

Judgment was subsequently entered in favor of the plaintiff, upon the points reserved, for the full amount of the verdict.

*Error assigned* was in entering judgment for plaintiff.

*Edward P. Bliss*, for appellant.—A creditor who has a prior lien upon two funds, both of which are subject to junior liens, is not obliged to resort to one rather than the other, to satisfy his debt. The right to elect is in him: Jennings v. Loeffler, 184 Pa. 318.

When default is made by a borrowing stockholder, a building association has the right to either cancel the stock or to proceed against the mortgaged premises: Economy Building Assn. v. Hungerbuehler, 93 Pa. 263.

The defaulting stockholder cannot direct that the payments on the stock shall not be applied to the payment of his indebtedness, but that the same shall be collected from the real estate: Wadlinger v. Washington, etc., Building & Loan Assn., 153 Pa. 622; Spring Garden Assn. v. Tradesmen Assn., 46 Pa. 493; Link v. Germantown Bldg. Assn., 89 Pa. 15; Econony Bldg. Assn. v. Hungerbuehler, 93 Pa. 258; Early & Lane's Appeal, 89 Pa.

411; Dyott's Estate, 2 W. & S. 490; Ayres v. Wattson, 57 Pa. 360.

A creditor may hold an unlimited number of collaterals and can avail himself of any of them as long as the debt remains unpaid: Ayres v. Watson, 57 Pa. 360; Jennings v. Loeffler, 184 Pa. 318.

The withdrawal notice alleged to have been given while the debtor was in default and without any offer to pay his debt was nugatory: Wadlinger v. Washington, etc., Building & Loan Association, 153 Pa. 622; Watkins v. Workingmen's Building & Loan Association, 97 Pa. 524; Endlich on Building Association, §§ 149, 480.

*W. Roger Fronefield,* for appellee.—The association must first appropriate the money raised by a sale of the real estate before it can take the stock: Blood v. Erie Dime Savings & Loan Co., 164 Pa. 95; Harris's App., 18 W. N. C. 14; Endlich on Building Associations, sec. 484; Massey v. Citizens' Building & Savings Assn., 22 Kansas, 624; McManus v. Sweatman, 42 Legal Int. 387; Spring Garden Assn. v. Tradesmen's Loan Assn., 46 Pa. 493; Endlich on Building Associations (2d ed.), sec. 486; Weiss's App., 5 W. N. C. 423.

The appropriation of the stock was not as prompt as is required: Jennings v. Loeffler, 184 Pa. 318.

The plaintiff is entitled to receive the withdrawal value of his shares of stock: Act of April 10, 1879, P. L. 16; Early & Lane's App., 89 Pa. 411; York Trust, etc., Co. v. Gallatin, 186 Pa. 150.

OPINION by W. D. PORTER, J., February 14, 1901:

The learned judge of the court below directed a verdict for the plaintiff, subject to the opinion of the court upon two questions of law reserved: "1. Whether the association, when the stock was canceled, was bound to give the mortgagee credit for the withdrawal value, including profits, or only credit for the amount actually paid in. 2. Whether the association had the right, as against the right of the assignee of the stock, to apply the entire value of the stock to the payment of the mortgage to the benefit of the second mortgage, to the amount of $174.51." It was agreed by counsel that the court might mold the verdict

in accordance with its opinion upon the points reserved; and, further, that the amount of the profits of the stock was $382.20, and that the amount of the fund realized from the sale of the real estate which was appropriated to the second mortgage was $174.51. No exception was taken to the reservation of these questions, nor to the form in which the reservation was made. Under this reservation the question as to whether or not the action was prematurely brought cannot be raised. The learned court below decided both the questions reserved in favor of the plaintiff and accordingly entered judgment upon the verdict. The undisputed facts as agreed upon by the parties, make it clear that on February 2, 1898, when the equitable plaintiff gave to the association a notice of withdrawal of the shares of stock, the said shares were held by the association as collateral security for a loan to the legal plaintiff, who had executed a formal assignment thereof; that the loan had not been paid and that the fund then in court which had been realized from the sale of the property upon the mortgage was not sufficient to pay the loan. The notice of withdrawal amounted to nothing, so long as the stock was held in pledge: Watkins v. Working-men's Bldg. & Loan Association, 97 Pa. 514; Wadlinger v. Washington German Bldg. & Loan Assn., 153 Pa. 622.

The first question reserved seems to be immaterial to the determination of the question at issue between the present parties, unless the second question should be determined in favor of the plaintiff. If the association had the right to appropriate the value of the stock to the reduction of the debt, then, it being admitted that the value of the stock was in any event less than the debt, it is manifest that the stock was extinguished and the plaintiff could take nothing. In that case any increase in the value of the stock over and above the amount which was admitted by the association must, necessarily, inure to the benefit of the holder of the second mortgage, by reducing the amount which the association was entitled to claim out of the fund then in court for distribution. The equitable plaintiff took his assignment of stock from the legal plaintiff, subject to the assignment to the building association, about the time that default was made in the payment of the interest and dues on the loan, and long after the rights of the second mortgagee had accrued. Let it be conceded that the association had the right to apply

the stock upon the loan. It then simply became a question how much of the loan remained unpaid, and it was then to the interest of the legal plaintiff to assert his right to profits upon the stock, in order to cut down the claim of the association and cause the fund then in court for distribution to discharge the largest amount of his junior debts of record. The plaintiffs did appear, through their counsel, before the auditor who made that distribution, and it was incumbent upon them there to assert their rights; and, if they were not satisfied with the findings of the auditor and the action of the court of common pleas, they had the right of appeal.

Did the association have the right "as against the interests of the assignee of the stock, to apply the entire value of the stock to the payment of the mortgage to the benefit of the second mortgage?" This is the second question reserved, and upon its determination the rights of the parties depend. It is well settled that payments of instalments upon the stock are not ipso facto payments upon the loan secured by the mortgage for which the shares are assigned as a collateral security. It is true the mortgagor may apply his payments on the stock to the mortgage debt, a license to do so being implied in the nature of the relation between building and loan associations and their shareholders. The building association may also make such application, by virtue of the assignment of the stock as a collateral security for the loan. In order to effectuate such an application an act of appropriation by one or other of the parties is required. Strangers to the transaction can require nothing which one or other of the parties did not. In the present case we do not have to deal with the rights of a creditor of the borrower, who has attached the stock, caused it to be sold at sheriff's sale, and himself become the purchaser, and then tendered to the association the full amount of its claim and demanded a transfer of the mortgage. This equitable plaintiff made no such offer. The defendant association, by a resolution in proper form, applied the shares of stock of Paul D. Johnson in part payment of the amount due on his loan. This was a definite application of the shares to the payment of the debt, and that the association had the right to make such application is well settled by authority: Spring Garden Assn. v. Tradesmen's Loan Assn., 46 Pa. 493; North American Building Assn.

v. Sutton, 35 Pa. 463; Link v. Germantown Bldg. Assn., 89 Pa. 15 ; Early & Lane's Appeal; 89 Pa. 411; Economy Building Assn. v. Hungerbuehler, 93 Pa. 258; Watkins v. Workingmen's Building & Loan Assn., supra; Wadlinger v. Washington German Bldg. & Loan Assn., supra; Erthal v. Glueck, 10 Pa. Superior Ct. 402. In Early & Lane's Appeal the application was made by the borrower after the lands, upon which the claim of the association was a lien, had been sold at sheriff's sale. The facts in Wadlinger v. Washington German Bldg. & Loan Assn., were, in every respect, similar to those in the present case. The argument, that because Samuel Johnson became the assignee of these shares of stock prior to the sheriff's sale, he has an equity to compel the association to first exhaust the mortgage security, is without force. The equities are rather in favor of the second mortgagee, who acquired his rights years before Samuel Johnson had intruded into the transaction, and had a lien only upon the land, while the building association had a lien upon both the land and the stock. It was, however, held in Jennings v. Loeffler, 184 Pa. 318, that where a creditor has a lien upon two funds, both of which are subject to junior liens, he is not obliged to resort to one rather than the other to satisfy his debt. The authorities above cited determine definitely that the judgment upon the second question reserved ought to have been in favor of the defendant.

The judgment is reversed and judgment is now entered in favor of the defendant, non obstante veredicto.