# Folsom Building & Loan Association, Appellant, v. Gogel.

*Building and loan associations—Withdrawals—Borrower in arrears—Act of April 10, 1879, sec. 4, P. L. 16—Secretary's books.*

A defaulting borrowing stockholder of a building and loan association, whose stock is pledged to the association as collateral, is not entitled to withdraw and receive the same share of the estimated profits as an ordinary withdrawing stockholder would be entitled to receive.

The words "such borrower" in the proviso in section 4 of the Act of April 10, 1879, P. L. 16, apply to a borrower who has repaid his loan, and have no application to a borrower who has not only not repaid his loan, but is in arrears, both as to dues and fines, for several years.

A defaulting borrowing stockholder is not relieved from paying fines because of the neglect of the secretary of the association to charge such fines against him on the books. The secretary's record and minutes are not books of original entry which are the evidence of the charges therein made. The dues and fines are payable under the by-laws, and, whether entered in the books or not, are due and payable by a defaulting member.

Argued No. 17, 1903. Appeal, No. 228, Oct. T., 1903, by plaintiff, from judgment of C. P. Delaware Co., Dec. T., 1900, No. 235, on verdict for defendant in case of the Folsom Building & Loan Association v. John J. Gogel. Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for money due a building and loan association. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

Under the instruction of the court the jury returned a verdict for the defendant for $77.77. Plaintiff appealed.

*Errors assigned* were (1–20) various rulings on evidence, quoting the bill of exceptions; (21) the instructions of the court as above.

*W. Roger Fronefield*, for appellant.—A defaulting borrowing stockholder in a building association, whose stock is held by the association as collateral, is not entitled to withdraw and receive the same share of the estimated profits as is a withdrawing stockholder: Watkins v. Workingmen's B. & L. Assn., 97 Pa. 514; Wadlinger v. Washington German Bldg.

& Loan Assn., 153 Pa. 622; Johnson v. Sharon Bldg. Assn., 16 Pa. Superior Ct. 311.

A defaulting borrowing stockholder is not released from paying fines because of the neglect of the secretary to charge them against him on the books : Building Assn. v. George, 3 W. N. C. 239; Building Assn. v. Taylor, 15 Phila. 246; Lepore v. Twin Cities Nat. B. & L. Assn., 5 Pa. Superior Ct. 276; Gass v. Citizens' Building & Loan Association, 95 Pa. 101; Johnston v. Elizabeth Building & Loan Association, 104 Pa. 394; Callahan's Appeal, 124 Pa. 138 ; Equitable Savings, etc., Assn. v. Roland, 198 Pa. 643.

*David M. Johnson,* with him *Horace P. Green,* for appellee. —Defendant was entitled to withdraw : Becket v. Uniontown B. & L. Assn., 88 Pa. 211; Endlich on Building Assn. p. 280; Lepore v. Twin Cities Nat. B. & L. Assn., 5 Pa. Superior Ct. 276; Wadlinger v. Washington German B. & L. Assn., 153 Pa. 622.

OPINION BY BEAVER, J., April 18, 1904 :

Defendant became a member of the plaintiff association in January, 1889. October 17, 1895, he borrowed from it $150 to secure the repayment of which he gave his promissory note, upon which the present suit is founded, assigning his two shares of stock as collateral security therefor. After the date of this loan his monthly dues amounted to $2.85. He paid for November and December, 1895. Thereafter, until his stock was cancelled by the association, in July, 1900, he paid nothing.

December 12, 1899, after being in arrears four years, the arrearages amounting to $137.41, and in addition thereto fines, amounting to $67.60, defendant gave notice to the association of his intention to cancel his stock and withdraw, claiming the withdrawal value of his stock, as fixed by the auditors January 4, 1900.

At the time the defendant made his loan from the association, the by-laws, extracts of which follow, were in full force :

" Article II, sec. 3. Stockholders shall participate in all profits and losses pro rata from the date of the issue of their stock." ·

" Sec. 7. Withdrawals. Any stockholder wishing to with-

draw from this association shall have the power to do so by giving thirty days' notice of his or her intention to withdraw, when he or she shall be entitled to receive the amount paid in by him or her and, after the first year of his or her membership, one half of the net profits for each year the series has run in which the stock has been issued, until it is five years old, after which time there shall be an additional one tenth (1–10) for each year, (that is, 6–10 for six years and 7–10 for seven years) of the profits, less all fines and other arrears which may be charged against him or her, and at no time shall more than one half of the funds in the treasury be applied to the demand of withdrawing members, without the consent of the board of directors, and no stockholder shall be entitled to withdraw whose stock is held in pledge as security, until said loan has been repaid.    Provided that said net profits shall be such as shall have accrued up to the date of the last annual report."

"Article V, sec. 11. Any stockholder may make repayment of his or her loan at any time during the continuance thereof, and the interest and premium from that time shall cease and determine; Provided that such stockholder shall not be in arrears to the association."

"Article VII, sec. 1. Every stockholder who shall neglect or refuse to pay his or her monthly dues, interest and premium, as often as the same shall become due, shall pay a fine of two (2) per cent per month upon all arrearages; Provided that in no case shall fines upon fines be calculated, and if he or she shall at any time be in arrears for six months, the board of directors may terminate his or her membership.   Such members shall be entitled to receive the amount of his or her actual payments for dues, first deducting all charges that may be standing against him or her."

These quotations from the by-laws sufficiently outline the laws which must govern in the settlement between the plaintiff and the defendant, unless there be something in them which contravenes the laws of the commonwealth.

Under this statement of facts and the by-laws applicable thereto, the appellant proposes two questions in his statement of the questions involved :

"1. Is a defaulting, borrowing stockholder in a building association, whose stock is pledged to the association as collat-

eral, entitled to withdraw and receive the same share of the estimated profits as is a withdrawing stockholder, or is he entitled to only the amount paid in ?

" 2. Is a defaulting, borrowing stockholder relieved from paying fines, because of the neglect of the secretary to charge them against him on the books ? "

There was no offer, so far as appears from the evidence, by the defendant to repay his loan.   He stood in the attitude of a defaulting borrower, his stock being pledged to the association as security for his loan.   It is clear, therefore, that he had no right to withdraw under the seventh section of Article II, his stock being held in pledge as security; that, under section 11 of article V, he had no right to repay his loan, being in arrears to the association, and that, under article VII, sec. 1, even if the association had been willing to concede that right to him, he would have been entitled to receive only " the amount of his actual payments for dues, first deducting all charges standing against him."   That these and no greater rights may be legally claimed by him has been settled in numerous cases : Watkins v. Workingmen's B. & L. Assn., 97 Pa. 514 ; Wadlinger v. Washington German B. & L. Assn., 153 Pa. 622 ; Johnson v. Sharon Bldg. Assn., 16 Pa. Superior Ct. 311.   See also Endlich on Building Associations (2d ed. 1895), secs. 80, 100–102.

The court below seems to have been of the opinion, as shown in discharging the motion for a new trial, that the Act of April 10, 1879, P. L. 16, had not been considered in these various decisions, and that the by-laws of the association were in contravention of the provisions of the fourth section of that act.   A careful examination of the act, however, fails to convince us that this is correct.   The section reads as follows :

" Section 4. A borrower may repay a loan at any time and, in case of the repayment thereof before the maturity of the shares pledged for said loan, there shall be refunded to such borrower," etc., " and further provided, That such borrower shall receive the withdrawing value of the shares pledged for said loan, and the shares shall revert back to the association."

To whom does " such borrower " in the proviso refer ?   Evidently to a borrower who has repaid his loan.   It cannot apply to a borrower who has not only not repaid his loan but is

in arrear, both as to dues and fines, for several years. After his loan is repaid, he has the right to take his stock out of pledge and thereby put himself in a position to claim the full withdrawal value of his shares. Until he does this, however, it would be grossly inequitable, even from the standpoint of fair play to say nothing of by-laws and acts of assembly, to allow a defaulting member, who has perhaps put the entire association in jeopardy by his default, to claim the same rights and privileges as are accorded by the by-laws to careful, conscientious members who have preserved, by their regular payments and the faithful discharge of the duties of membership, intact the fund upon which a defaulting borrower such as the defendant in this case makes assault and which he not only did not help to create but which he actually rendered much less than it should be by his default and the very existence of which was threatened by his carelessness.

A building association is carried on for the mutual benefit of its members. It is always to be assumed that a member who is in arrears and is thereby depriving his comembers of the benefit of the payments which he is bound to make, cannot claim the benefits which would otherwise accrue to him under the by-laws of the association until he restores himself to the benefits of membership by discharging his obligations to the association. This the law, of course, assumes and here is where the court below fell into error. The whole subject is well summed up in Endlich on Building Associations, sec. 149:

" But there is obviously a great difference between the case of a member who has fulfilled, faithfully, all the requirements of his undertakings with the building association—of those which relate to the duties of membership, generally, as well as of those which pertain to his position as a borrower,—and that of a member, who, after obtaining an advance, neglects both classes of obligations, and renders himself liable to compulsory proceedings on the part of the society, which the latter is bound to institute, all the more rigorously, as the success of the whole scheme depends upon the exact performance of all his duties by every member. Whatever, therefore, may be the advantages allowed to members voluntarily repaying their loans, these provisions have no appli-

cation and offer no immunities to those who become defaulters, and are, upon that ground, sued by the association upon the covenants of their obligations. Having thus violated the rules of the society, they are not entitled to the benefits held out to those who keep them, nor are they within the meaning of the statute designed to favor the conscientious borrowers. All that they can claim as against the building association is the right (which, we have already seen, is inherent in every member at all times) to appropriate, in part payment of their obligations, the actual payments they have already made by way of subscriptions and by way of interest upon their loans."

Under the circumstances, therefore, we are of opinion that the notices served by the defendant upon the association, demanding the withdrawal value of his stock, amounted to nothing, and that the association was entirely justified in forfeiting his stock, as they did in July, 1900. Defendant would, of course, be entitled under the said forfeiture to a credit for the amount paid in by him, less dues and fines due from him to the association, because, as is further said in the 149th section of Endlich, above quoted in part, " A claim of the association to recover upon a borrower's obligation and to forfeit his stock-interest without giving him any credit therefor upon his indebtedness has been declared inequitable and not to be allowed."

We are of opinion that the plaintiff should have been allowed to show the amount of dues and fines, although not entered by the secretary upon the books of the association. The secretary's records and minutes are not books of original entry which are the evidence of the charges therein made. The dues and fines are payable under the by-laws and, whether entered in the books or not, are due and payable by a defaulting member. It is no contradiction, therefore, of the books to show that dues and fines other than these entered thereon were due from the defendant.

Without taking up the assignments of error in detail, it follows from what we have said that both propositions contained in the statement of the question involved should be resolved in favor of the appellant.

Judgment reversed and a new venire awarded.