## Bartram Building and Loan Association *v*. Nolen (et al., Appellant).

Argued April 22, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

418

*M. H. Reinheimer,* of *Phillips & Reinheimer,* for appellant.—The bidder, in the absence of fraud or collusion, was bound by her bid and cannot secure application of stock in reduction of amount paid by her: Spring Garden Assn. v. Loan Assn., 46 Pa. 493; Peoples T. & S. Dep. Co. v. Deposit Co., 20 Lancaster L. Rev. 109; Fritz v. Roney, 9 Pa. Dist. R. 27.

The bid and the acceptance thereof established a fixed liability and, such a liability having been established, the value of the stock cannot thereafter be credited on account of payment of the mortgage to the prejudice of an interested third party: Acker v. Snyder, 250 Pa. 57; Negley v. Stewart, 10 S. & R. 207; Holdship v. Doran, 2 P. & W. 9; Davis v. Baxter, 5 Watts 515.

The rights to which the judgment debtor could look for having been established and there having been no prior appropriation, the association was then bound thereby: Hamilton Trust Co. v. Hoskins, 244 Pa. 1.

At the argument of the instant case Mr. Justice SIMPSON suggested to counsel that it might be ruled by the principles set forth in Orient Bldg. & Loan Assn. v. Freud, 298 Pa. 431. The Chief Justice thereupon directed counsel to file a supplementary brief relative to the bearing of that case upon the case at bar.

The principle is set forth that once a borrower or an association has applied dues "creditors of the former cannot thereafter acquire any adverse interest in them by attachment or otherwise."

The instant case comes neither within the main principle nor the statement last above set forth. In the case now before the court the person seeking to credit the dues is a stranger to the record, was never in the line of title and could not possibly be subjected to any action based on the bond accompanying the mortgage. Further, the rights of the appellant accrued prior to the attempted appropriation. Hence, the two cases have nothing in common.

*Charles F. Eggleston,* for Bartram Building and Loan Association, appellee.—As to the time when an appropriation may be made, it may be done at any time before payment to the association of its debt, and before the rights of creditors may have attached: Early & Lane's App., 89 Pa. 411; Johnson v. Bldg. Assn., 16 Pa. Superior Ct. 311; Folsom Bldg. Assn. v. Gogel, 24 Pa. Superior Ct. 539.

*James A. Somers,* for Catherine M. Hoag.—The question which the court is called upon to decide in this case narrows itself down to this: After sheriff's sale of real estate where sufficient money has been bid to repay a building and loan association's entire loan but only ten per cent of said bid deposited, can the building association appropriate the payments on stock to the repayment of a portion of its loan?

In the case of Johnson v. Sharon Bldg. Assn., 16 Pa. Superior Ct. 311, the Superior Court decided that this could be done. See also Folsom B. & L. Assn. v. Gogel, 24 Pa. Superior Ct. 539; Home B. & L. Assn. v. Peterman, 253 Pa. 421.

It has always been held in Pennsylvania as well as elsewhere that a creditor may hold a number of securi-

ties for the payment of a debt and may avail himself of any of them while the debt has not been paid actually or constructively: Ayres v. Wattson, 57 Pa. 360; Jennings v. Loeffler, 184 Pa. 318; Davis's Est., 47 Pa. Superior Ct. 240; Landberg v. Investment Co., 292 Pa. 476; Economy B. A. v. Hungerbuehler, 93 Pa. 258; Early & Lane's App., 89 Pa. 411; Wadlinger v. B. & L. Assn., 153 Pa. 622.

OPINION BY MR. JUSTICE SCHAFFER, May 12, 1930:

Catherine M. Hoag, the holder of a second mortgage for $12,000 on a property 3327 Walnut Street, Philadelphia, on which the Bartram Building and Loan Association held a first mortgage for $6,500, presented her petition to the court below praying that the judgment entered on the first mortgage be opened and that she be allowed to intervene and make defense thereto as to all sums in excess of $3,066.88. In effect her application was to require the building association to reduce its assessment of damages in the judgment to the extent of the value of its shares of stock which had been assigned to it as collateral security for the mortgage which it held. Appellant, Papajian, who held an assignment of the stock subsequent to that of the building association, was permitted to intervene for the purpose of resisting the prayer of the petition. The court below made absolute the rule requiring the building association to reduce its assessment of damages in the amount of the withdrawal value of the stock. Papajian, the intervenor, appeals.

The first mortgage was created by Nolen and wife. At the same time that they gave it, May 24, 1921, they assigned to the building association, mortgagee, thirty-three shares of stock which they held in the association, the assignment reciting that, "In consideration of the loan......and as part of the terms and conditions of said loan do hereby assign......unto the said association 33 shares of the stock of said association as col-

lateral security......and do hereby......authorize and empower said association, in case I should make default at any time hereafter in the performance of any of the terms and conditions of said bond, to cancel said shares of stock above described without notice to me, and apply the withdrawal value thereof at the time of cancellation on account of any indebtedness due by me to the said association." The assignment to Papajian was not made until October 4, 1929, three days before the sheriff's sale, and was made by one Gourian, who had in the meantime become the owner of the shares by assignment and the owner of the property. Papajian had no interest in the property.

Gourian was in default on the first mortgage and on July 12, 1929, foreclosure proceedings were started by the building association. At the sheriff's sale held October 7, 1929, Catherine M. Hoag, in order to protect her second mortgage, bid the property in for $9,500 and notified the building association to appropriate the stock which it held as collateral to the partial repayment of its loan. On October 21, 1929, the association by resolution did so appropriate the stock. At the time this was done, as when the court made absolute the rule for the reduction of the assessment of damages in the judgment on the first mortgage, settlement had not been made with the sheriff by the purchaser.

As stated by the learned president judge of the court below in his opinion, the question presented is whether a building association may appropriate the value of shares of stock assigned to it as collateral security for a loan secured by mortgage after a sheriff's sale thereon, but before settlement with the sheriff, against the objection of a subsequent assignee of the stock.

Appellant argues in support of his contention that he is entitled to the stock, as though he and the holder of the second mortgage were the only persons concerned, and leaves the building association entirely out of account. It had the right to appropriate the stock, under

the express terms of its assignment, the mortgagor being in default, and it did so before settlement was made by the purchaser at the sheriff's sale. Its right so to do is undoubted: Early & Lane's App., 89 Pa. 411; Johnson v. Sharon Bldg. Assn., 16 Pa. Superior Ct. 311; Wadlinger v. Washington German B. & L. Assn., 153 Pa. 622. Hamilton Trust Co. v. Hoskins, 244 Pa. 1, cited by appellant, is not a parallel case with the one at bar. There the sale had been consummated by the payment of the full purchase money to the sheriff, which operated legally as a satisfaction of the debt, and a creditor had attached the stock. Here the sale had not been consummated nor the full consideration money paid.

The order of the court below is affirmed at appellant's cost.