## Selikowitz v. Merchants B. & L. Assn. of West Philadelphia, Appellant.

454

Argued October 6, 1931.

Before
TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNING-
HAM, BALDRIGE and DREW, JJ.

*George F. Douglas,* for appellant.

*Edward Unterberger,* for appellee.

OPINION BY KELLER, J., December 11, 1931:

On December 2, 1915, Giovanni Antrilli and his wife
borrowed $2,300 from the Merchants Building and
Loan Association of West Philadelphia, giving their
bond, secured by a straight first mortgage on premises
714 Fulton Street, Philadelphia, payable at any time
within one year from date, and transferring as addi-
tional security eleven and one-half shares of stock of
the building and loan association which they took out
at the same time, and on which they were to pay instal-
ments of $11.50 per month toward the maturity value
of $200 per share. Subsequently they obtained a fur-
ther stock loan of $150, and again assigned the stock as
collateral security for its repayment.

Sometime afterwards,—the exact date does not appear—the Antrillis borrowed $800 from the plaintiff, Selikowitz, and assigned their shares of stock in the defendant building and loan association as security, subject, of course, to the two prior collateral assignments to the association; and the transfer to Selikowitz was duly noted on the books or records of the association.

The premises 714 Fulton Street were afterwards sold at sheriff's sale on a junior lien and purchased by a third party, who received the sheriff's deed and had it recorded.

At the time of the sheriff's sale aforesaid no appropriation or application had been made by the building and loan association of the value of the eleven and one-half shares of stock aforesaid on account of the principal of its mortgage loan, and it does not affirmatively appear that any sufficient default in the payment of interest, fines, insurance, etc., or instalment dues on the stock then existed to warrant such application or appropriation. In any event, none was made, and the purchaser at sheriff's sale of the mortgaged premises bought it, and took title to it, subject to the full principal amount of said mortgage, $2,300, plus any interest then due and owing upon it. The purchaser at the sheriff's sale had no right to ask for such appropriation and require such application (Economy B. & L. Assn. v. Hungerbuehler, 93 Pa. 258, 262; Spring Garden Assn. v. Tradesmen's Loan Assn., 46 Pa. 493). The power to appropriate was not self operating and until action was taken by the association the election remained with the association: Bier v. Keer, 70 Pa. Superior Ct. 570, 572. Hence the status of the parties at the time of the sheriff's sale was fixed: The purchaser at that sale took title to the mortgaged premises encumbered by the full amount of the first mortgage and any interest due thereon; the building and loan

association held the first mortgage on said premises and as additional security for it and the stock loan of $150 held assignments of the eleven and one-half shares of its stock; and the plaintiff Selikowitz, held an assignment of the same stock as collateral for a loan of $800, subject to the prior assignments to the association. If after the sheriff's sale the association appropriated the value of the stock to the payment of its mortgage and stock loans, the plaintiff Selikowitz had a right of subrogation to the extent of the value of the stock as respects the association's mortgage, which inured to his benefit after the association was fully paid, and if he had paid the debt in full would have been entitled to a transfer of the securities held by the association: Erthal v. Glueck, 10 Pa. Superior Ct. 402.

On March 11, 1926, someone, acting apparently on behalf of the purchaser at the sheriff's sale, but certainly not acting for or with the knowledge of Selikowitz, obtained from the secretary of the defendant building and loan association a statement showing the then value of the eleven and one-half shares of stock and the amount necessary to pay off the first mortgage and stock loan over and above such value. By this statement it appeared that the mortgage, stock loan, and dues, interest and fines owing on March 10, 1926, amounted to $2,634.96; the value of the stock at the same time was $1,832.64. The difference between them, amounting to $802.32, was paid by someone, other than Selikowitz, and the mortgage marked "Satisfied of Record, April 14, 1926."

This action was brought by Selikowitz to recover his interest in the stock so applied by the association to the relief of the purchaser without notice to or authority from him. The trial judge directed a verdict in his favor for $800.

We think the foregoing statement of facts, which were undisputed, justified the action of the court below.

Whether the building and loan association might have appropriated the value of the stock to the mortgage loan before the sale or before settlement by the purchaser at said sale, is beside the point. It did nothing of the sort. After the status of the several parties had been fixed by the sale it could not alter that status to the prejudice of Selikowitz without at least giving him the opportunity to protect his rights as against the mortgaged premises. The association could not, in effect, take his property and make a gift of it to a third party, without being liable to him for the resultant injury.

It is no defense to this action that in March, 1926, a default in the payment of dues on the stock existed sufficient to justify the association's appropriating its value to the loans for which it was security. The appropriation of the stock in partial satisfaction of the mortgage was not made because of this alleged default; the association did not, in fact, elect to apply the stock because of any such default.

We agree with the learned President Judge of the court below that the case is governed in principle by the decision of this court in Erthal v. Glueck, supra, the chief difference between them being that in that case there was an attachment of the shares of stock while here there was an assignment to the plaintiff— a matter not affecting the principle involved. We said in that case: "If before there has been an appropriation of the payments, the stock is attached, at suit of a creditor of the borrower, and sold, the purchaser succeeds to the rights of the borrower and may require the association to exhaust the mortgage security before resorting to the stock, or he may, upon surrender of the stock and payment of the difference between its value and the amount of the mortgage debt, demand subrogation to the rights of the association under the mortgage. If an appropriation has been

made before the stock becomes bound by the attachment, then the attachment binds nothing but the balance, if any, that remains after the stock has paid the debt."

The cases relied on by the appellant are all different from this one in material particulars affecting the result. In Bartram B. & L. Assn. v. Nolen, 300 Pa. 417, the appropriation of the stock to the mortgage loan was made by the association, which had foreclosed the mortgage before settlement by the purchaser at sheriff's sale and delivery of the deed. In Hemperly v. Tyson, 170 Pa. 385, the association appropriated the matured value of the stock to the satisfaction of its mortgage. In Hampton v. Congress B. & L. Assn., 300 Pa. 501, the association foreclosed its mortgage, but the proceeds of sale were insufficient to pay the debt. It had two collateral securities for the unpaid balance, paid up stock of Hampton and the collateral bond of Shelbourne Realty Co. The association could resort to which ever it wanted to and release the other, for neither Hampton nor the Shelbourne Realty Co. had any right of subrogation as to the other. None of the cases cited by appellant is similar to this one in its facts.

The assignments of error are overruled and the judgment is affirmed.