# Monumental Building and Loan and Saving Ass'n v. Jackson et al.

*Joseph L. McAleer*, for plaintiff; *Mercer L. Lewis*, for defendants.

ALESSANDRONI, J., July 25, 1932.—The defendants' petition to open judgment sets forth that the petitioners are the heirs of George N. Jackson, deceased, who during his lifetime was the owner of premises No. 1700 Addison Street, upon which property this foreclosure proceeding was instituted; that George N. Jackson, on September 15, 1925, executed a $5000 mortgage to the plaintiff and assigned as collateral security twenty-five shares of stock in the sixty-first series of the plaintiff association; that thirty shares of stock were issued in June, 1919, and matured on February 5, 1931; that the plaintiff association refuses to apply the matured value of the twenty-five shares on the judgment entered in this case; that when stock has matured the relationship of stockholder and association ceases and the mortgagor is entitled to a credit for the matured value of his stock; that the plaintiff association has refused to accept the balance due to the association; that an attachment has been issued by Stern & Co. against the estate of George N. Jackson, deceased, and the plaintiff association as garnishee, and that the plaintiff has set up in the attachment proceedings that all the stock owned by the deceased has been assigned to the association as collateral security.

An answer was filed to the petition setting forth that George N. Jackson subscribed to thirty shares of stock in the sixty-first series of the plaintiff association and to ten shares of stock in the sixty-second series; that on July 1, 1920, George N. Jackson made a loan of $2000 upon his ten shares of stock in the sixty-second series, and the loan was granted on condition that George N. Jackson assign as further security his thirty shares of stock in the sixty-first series; that on September 10, 1925, George N. Jackson obtained a loan of $5000 upon the stock in the sixty-first series and pledged twenty-five shares of stock in the sixty-first series as collateral security therefor; that the arrearages have accumulated for more than seventeen months, as a result of which foreclosure proceedings were instituted; that subsequently in May of 1931 an attachment was issued by Stern & Co. summoning the plaintiff association as garnishee; that George N. Jackson was delinquent long before the stock in the sixty-first series matured and that foreclosure proceedings were delayed at the request of the petitioners' agent; that the thirty shares of stock issued in the sixty-first series did not mature on February 1, 1931, as the stock was in arrears and did not and could not mature; that the petitioners, Inez Jackson and Neal Jackson, are not entitled to any credit for the value of the stock as neither party is the administrator of the estate of George N. Jackson, deceased; that the petitioners have heretofore presented three petitions for stays of proceedings, all of which were discharged, and that credit for the stock cannot be given as long

as the attachment of Stern & Co. persists and no assignment is executed by the administrator of the estate; it is further denied that the petitioners ever tendered the balance due the association; that the petitioners are collecting rent from the premises in question but have not paid taxes or water rent for the years 1930 and 1931, nor the dues and interest due the building association.

The petitioners rely upon the theory that when a series of stock matures all stock matures regardless of whether there is a default or not. This premise is false, as stock does not mature until the paid-in value, together with the profits apportioned thereto, equal the par value of the stock. If the stockholder is in arrears and delinquent when the shares mature, the stock of those delinquent does not attain par value and, therefore, has not matured. See Sundheim on Building Associations (3rd ed.), 59, wherein it is stated: "When the payments to the association on account of installment stock, together with the proper proportion of the net profit, equal the par value of the stock, as fixed by the charter and by-laws, then the stock is matured, and the owner is entitled to receive the par value." It has also been decided that borrowing stockholders who are in default to a building and loan association are not entitled to share in the benefits or profits of the association if they are in default: Folsom B. & L. Ass'n v. Gogel, 24 Pa. Superior Ct. 539. Therefore, the building association was under no duty to apply the value of the shares to the mortgage debt.

Our Superior Court has recently decided in Selikowitz v. Merchants B. & L. Ass'n of West Phila., 103 Pa. Superior Ct. 453, that if before there has been an appropriation of the payments made on stock pledged as collateral security to a building and loan association an attachment takes place, the association may be required to exhaust the mortgage security before resorting to the stock or the attaching creditor may, upon surrender of the stock and payment of the difference between its value and the mortgage debt, demand subrogation to the right of the association under such mortgage. It, therefore, clearly appears that, no appropriation having been made in this case before the attachment, an appropriation could not be made thereafter. Further discussion of the other questions raised by the pleadings is unnecessary.

And now, to wit, July 25, 1932, the rule to open judgment is discharged.