In re LIQUOR LICENSE OF LARRYS, Inc.

In re LIQUOR LICENSE OF HODGE et al.

In re LIQUOR LICENSE OF 1042 CLUB, Inc.

In re LIQUOR LICENSE OF BEARDEN et al.

LB&W Nos. 2041, 2040, 2038, 2037.

United States District Court. D. Alaska.
Third Division. Anchorage.

Dec. 5, 1949.

504

Hellenthal, Hellenthal & Cottis, Anchorage, for petitioners.

J. Gerald Williams, Attorney General of Alaska, for respondent.

DIMOND, District Judge.

The petitioner in each of the above entitled cases has asked for a refund in the amount of $500.00, paid under protest in December 1948, as a part of a license fee in the sum of $1,000.00 required to be paid in order to secure a beverage dispensary license for the sale of intoxicating liquor in the year 1949. Each of the places of business of the petitioners is located outside the corporate limits of the City of Anchorage but within a short distance thereof.

The law on the subject, so far as relevant, is to be found in Section 3 of Chapter 78 of the Session Laws of Alaska 1937, as amended by Chapter 70 of the Session Laws of Alaska 1939, below quoted:

"Section 3. That before any license is granted, as provided in this Act, it shall be shown to the satisfaction of the Court that a majority of the citizens over the age of twenty-one years, residing within two miles of the place where intoxicating liquor is to be manufactured, bartered, sold and exchanged, or bartered, sold or exchanged, have in good faith consented to the manufacture, barter, sale and exchange, or the barter, sale and exchange of the same; and the burden shall be upon the applicant or applicants to show to the satisfaction of the Court that a majority of the citizens over twenty-one years of age have consented thereto and no license shall be granted in the absence of such evidence; * * *

"Provided, however, that any application for a license coming from within an incorporated town shall have attached thereto in lieu of a majority of the citizens of that district, a list of at least five references as to the integrity of the applicant and the desirability of the issuing of a license for the premises mentioned therein. The Clerk of the Court, upon receipt of each application from within an incorporated town, shall notify the city council of that town of the necessity for action on the application by the council, in regular or special meeting and the filing with

the Clerk of the Court of a certificate showing the action taken. A failure of the municipal officers to act upon applications for licenses within the period specified in the notice furnished them shall be considered a default and shall subject the city to the penalty of losing its right to a refund as herein provided. * * * " Sec. 3, Ch. 78, Session Laws of Alaska 1937.

" * * * A Beverage Dispensary License Fee shall be Five Hundred Dollars ($500.00) in all towns, villages, settlements and places of population not exceeding fifteen hundred persons and One Thousand Dollars ($1,000.00) in all towns, villages and incorporated cities having the population in excess of fifteen hundred persons * * *." Ch. 70, Session Laws of Alaska 1939.

The petitioners urge that their places of business are not within any town, village, or incorporated city having a population in excess of 1,500 persons and therefore, the license fee properly payable by each of them is $500.00, and not $1,000.00. It is to be noted that a $500.00 license fee is prescribed in all "towns, villages, settlements and places of population" not exceeding 1,500 persons and $1,000.00 in all "towns, villages and incorporated cities having a population" in excess of 1,500 persons.

The facts are that each and all of the dispensaries operated by the petitioners are within an area that is in reality, a part of the City of Anchorage. Only the most observant person in traveling from the City of Anchorage to any of the places in question, would know when he had passed the boundary line of the city. Whether the term "city" or "incorporated city" may include areas adjacent to the corporate limits thereof, has been given judicial thought, as illustrated in the cases of Wichita v. Burleigh, 36 Kan. 34, 12 P. 332; Congregation of Sisters of St. Joseph v. Glassell, 207 La. 213, 20 So.2d 923; Marx & Co. v. Bankers' Credit Life Insurance Co., 224 Ala. 249, 139 So. 421; In re Washington Monument Fund, 154 Pa. 621, 26

A. 647, 20 L.R.A. 323; and Holguin v. Villalobos, Tex. Civ.App., 212 S.W.2d 498. But our statute precludes the making of a decision in the cases under consideration on any such pleasantly facile subject of debate.

The language used in the law is such that no one can say with positive assurance just what was intended by the legislature. However, the legislature provided that no licenses for a dispensary outside of an incorporated town may be issued unless and until it shall be shown to the satisfaction of the Court that a majority of the citizens over the age of 21 years residing within two miles of the place of sale have in good faith consented to the operation of such dispensary. The provision of the law adverted to has been construed to mean precisely what it says, no matter whether the dispensary is more or less than two miles from the limits of any incorporated town or city. It is well known that in the case of the City of Anchorage those who seek to establish dispensaries immediately outside of the boundaries of the City are required to secure the consent of a majority of the citizens over the age of 21 years who reside within two miles of the dispensary, even though that two-mile radius may embrace virtually all of the City.

Moreover, the petitioners in this proceeding and their predecessors in interest, have paid a license fee of $1,-000.00 without protest in all of the years since the passage of the Act up until the year 1948. While there is nothing in the nature of a written opinion to indicate that the matter was brought to the attention of the District Judge on any prior occasion, it seems all but certain that my able and distinguished predecessor, Judge Simon Hellenthal, must have passed upon the subject shortly after the law was enacted. Petitioners rely much upon information received from the Clerks of the District Court of the First and Fourth Judicial Divisions of Alaska, to the effect that it has been the practice in those Divisions to charge a license fee of $500.00 only for beverage dispensaries loc-

cated outside of the incorporated towns or cities, no matter how close such dispensaries may be to the towns or cities. But in this Division the record is otherwise, and so we have as to the Third Judicial Division, what amounts to a contemporaneous judicial determination of the question involved, a determination that has never before been questioned until brought up by the petitioners herein.

█▌█▌] The phrase "all towns, villages and incorporated cities having population in excess of fifteen hundred persons", in view of the other provisions of the law, means and must mean, as applied to the cases now for decision, the area embraced within a circle four miles in diameter and having as its center the beverage dispensary for which a license is sought. Any other construction of the statute would make it so unjust as to be unconscionable and would impute to the legislature an intention to act discriminatingly in favor of dispensaries which hug the boundaries of incorporated cities but lie immediately outside of those boundaries. In this connection it is to be noted that within the City of Anchorage the beverage dispensaries are subject to police control and restricted hours of operation, whereas outside of the city no comparable control and restriction now exist.

Each and all of the petitions is denied. Minute Orders may be entered accordingly.