# Leechburg Building & Loan Association *v.* Kinter, Appellant.

*Building and loan associations—Insolvency—Rights of borrower.*

1. The duty of a trustee of an insolvent building and loan association is to wind up the affairs of the association in such a manner as to do equity between it and its creditors and between the stockholders. It is the duty of the trustee to require a borrower to repay what he had actually received with interest, and to allow him after all the debts are paid a pro rata dividend with the nonborrowers on the payments made on his stock.

2. Where the stockholder of a building and loan association borrows from the association on a mortgage, pledges his stock as collateral security and agrees to pay monthly installments of dues and interest, the payment of dues on stock is not a payment on account of the loan.

*Affidavit of defense—Practice, C. P.—Averments of conclusions.*

3. Averments in an affidavit of defense of conclusions merely based on a misconstruction of writings and wholly inconsistent with the writings, will be disregarded by the court.

Argued Oct. 4, 1911.   Appeal, No. 51, Oct. T., 1911, by defendants, from order of C. P. Armstrong Co., Dec. T., 1910, No. 35, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Leechburg Building & Loan Association by C. F. Armstrong, Liquidating Trustee, v. A. O. Kinter and J. D. Pugh.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

· The opinion of the Supreme Court states the facts.

*Error assigned* was order making absolute a rule for judgment for want of a sufficient affidavit of defense.

*W. L. Peart*, with him *A. L. Ivory* and *L. S. Roberts*, for appellants.—The affidavit of defense was sufficient: Hemperley v. Tyson, 170 Pa. 385; York Trust Real Estate & Deposit Co. v. Gallatin, 186 Pa. 150; Kurtz v. Campbell, 31 Pa. Superior Ct. 516; Erthal v. Glueck, 10 Pa. Superior Ct. 402; Haspel v. Moffitt, 32 Pa. Superior Ct. 344; Early's App., 89 Pa. 411; Strohen v. Loan Assn., 115 Pa. 273.

*Harry B. Wassell*, with him *Paul S. Ache* and *Clarence O. Morris*, for appellee, cited: Strohen v. Saving & Loan Assn., 115 Pa. 273; Twin Cities Nat. B. & L. Assn. v. Rafale LePore, 17 Pa. C. C. Rep. 426; Haspel v. Moffitt, 32 Pa. Superior Ct. 344; Haspel v. McLaughlin-Lyons, 38 Pa. Superior Ct. 334; Freemansburg B. & L. Assn. v. Watts, 199 Pa. 221.

OPINION BY MR. CHIEF JUSTICE FELL, January 2, 1912: This appeal is from an order making absolute a rule for judgment for want of a sufficient affidavit of defense in an action upon a building association mortgage. The mortgage was given in 1903 to secure the payment of the bond of the mortgagor, who was a stockholder of the association, and was payable in 1913. In 1909 the association became insolvent and was dissolved and a liquidating trustee was appointed who brought this action. At the time of the execution of the bond and mortgage, the mortgagor assigned ten shares of his stock to the association in trust, to hold the same as collateral security for the payment of the debt, "the value or amount realized from said stock to be appropriated towards the payment of any amount or sum" in which the assignor was indebted or might thereafter become indebted on account of the principal of the debt or for dues, interest, premiums or fines.

Of the numerous grounds of defense set up by the affidavit, but two need be noticed. 1. That as the mortgagor was not in default no action could be maintained on the mortgage until 1913, the time fixed for the payment of the bond. 2. That if the action would lie, the mortgagor was entitled to credit on the mortgage for all payments made on account of his stock.

The insolvency of the building association put an end to its operations as an association and the duty of the trustee was to wind up its affairs in such a manner as to do equity between it and its creditors and between the stockholders. This is distinctly ruled in Strohen v. Franklin Saving Fund & Loan Association, 115 Pa. 273, and the method of adjusting the equities between stockholders is defined in the opinion of the court, to wit: to require a borrower to repay what he had actually received with interest, and to allow him after all the debts are paid, a pro rata dividend with the nonborrowers on the payments made on his stock.

The averment in the affidavit of defense that at the time of the execution and delivery of the bond and mortgage, it was agreed "in the writing as above set forth in the assignment" that all moneys paid as dues on stock were to be applied in payment of the debt, is unsupported by the writing referred to. The agreement is not that the amounts paid as dues on the stock shall be applied in payment of the debt, but only that the value or amount realized from the stock shall be so applied. Since the averment was not of a fact but of a conclusion and not sustained by the writing on which it was based, it was properly disregarded by the court. Equally ineffective to prevent judgment is the averment of an appropriation by the association of the dues paid on the stock to the payment of the bond. It, too, is a conclusion merely, based on a misconstruction of the writings and wholly inconsistent with them and with the whole course of conduct by the parties.

Nothing contained in the affidavit of defense dis-

tinguished the transaction from the ordinary one where a stockholder borrows of a building association on mortgage, pledges his stock as collateral security and agrees to pay monthly installments of dues and interest. In such cases the payment of dues on stock is not a payment on account of the loan: Freemansburg B. & L. Association v. Watts, 199 Pa. 221.

The judgment is affirmed.