# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

---

## Hamilton Trust Co. v. Hoskins.

*Building associations—Members —Indebtedness of member —
Payments on stock—Mortgages—Payment—Attachment sur judg-
ment.*

1. While a building association may appropriate in reduction of
the mortgage indebtedness of a member the value of such mem-
ber's stock which has been pledged as collateral security for the
mortgage debt, payments which such member has made upon the
stock are not ipso facto payments upon the mortgage.

2. Where judgment has been entered on the bond accompanying
a mortgage for the full amount of the mortgage with interest and
the mortgaged premises have been sold for the satisfaction of the
claim as entered and money has come into the hands of the sheriff
to pay the full amount which the mortgagee alleged was due when
judgment was entered on the bond, the mortgage has been fully
paid in the eye of the law and the mortgagee cannot thereafter
credit the mortgagor with sums received in another capacity in
relief of a second mortgagee.

3. In garnishment proceedings it appeared that the garnishee,
a building association, had loaned money to the defendant upon a
mortgage and had taken as further collateral shares of stock in
the association upon which payments had been made; that there-
after the mortgagor defaulted in payments of interest, and judg-
ment was entered on the bond accompanying the mortgage for the
full amount thereof with interest. The mortgaged premises were

**2**     HAMILTON TRUST CO. *v.* HOSKINS.

sold and the sheriff received an amount more than sufficient to satisfy the mortgage. Subsequently the plaintiff, a judgment creditor, attached the stock in the hands of the building association, and the association, apparently for the purpose of relieving the second mortgagee, then attempted to appropriate the defendant's stock for the payment of the mortgage debt and gave credit on the judgment for the value of the stock pledged. *Held,* the court did not err in directing a verdict for the plaintiff and entering judgment thereon.

Argued Jan. 7, 1914. Appeal, No. 192, Jan. T., 1913, by Union Savings & Building Association of West Philadelphia, garnishee, from judgment of C. P. No. 2, Philadelphia Co., June Term, 1905, No. 1586, on directed verdict for plaintiff for $1,767.28 in case of Hamilton Trust Co. v. W. Horace Hoskins, defendant, and Union Savings & Building Association of West Philadelphia, garnishee. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit for money loaned.

Attachment execution sur judgment. Before HEYDT, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The trial judge directed a verdict for plaintiff upon which judgment was entered. The garnishee appealed.

*Error assigned* was in overruling the motion for judgment for the garnishee n. o. v.

*Harvey Gourley,* with him *John W. Brock, Jr.,* and *Henry S. Cattell,* for appellant.

*Walter Willard,* with him *Harry C. Evans, Jr.,* for appellee.

OPINION BY MR. JUSTICE BROWN, February 2, 1914:

On April 8, 1902, W. Horace Hoskins, the defendant in this attachment ad lev. deb., borrowed $4,800 from

the garnishee, the Union Savings and Building Association of West Philadelphia, whose appeal from the judgment against it comes to us on an undisputed state of facts. To secure his loan Hoskins executed a mortgage to the building association and cotemporaneously transferred to it, as collateral security for the payment of the same, twenty-four shares of its stock standing in his name on its books. The material part of the assignment of the stock is as follows: "The said association shall have and hold the same as collateral security for the payment of a certain debt of Forty-eight Hundred Dollars for which I have this day executed to them a bond and warrant of attorney and indenture of mortgage, the value or amount realized from said stock to be appropriated towards the payment of any amount or sum which I may be indebted to said association either on account of the principal of said mortgage debt or for dues, interest, premiums or fines for which I now am or may hereafter become responsible to said association." Hoskins defaulted in the payments due on his mortgage, and on June 27, 1911, the building association entered judgment against him on the accompanying bond for $5,547.86. This sum was for the original debt of $4,800, with interest and dues, no credit having been allowed for the value of his twenty-four shares of stock, which, at the time of the entry of the judgment, were worth $3,487.32. On an execution issued upon this judgment the mortgaged premises were sold at sheriff's sale on August 7, 1911, for $8,250 to T. F. Phillips, the holder of a second mortgage. He settled with the sheriff, and there was in that officer's hands a fund in excess of what was required to pay the amount of the judgment of the building association. On August 16, 1911, the appellee, the Hamilton Trust Company, which held a judgment against Hoskins, issued the attachment before us, which was duly served on the same day. Subsequently, on September 11, 1911, the garnishee association, by a resolution of its board of directors, directed

its solicitor, in settling with the sheriff, to credit the value of the Hoskins stock on the judgment upon which it had sold his property. This was done and, after giving the credit on the judgment, the association received from the sheriff $2,248.21. Under the foregoing state of facts a verdict was directed for the appellee, the attaching creditor, for $1,767.28, the full amount of its claim, and this action of the court below is the error assigned.

That the building association might have appropriated, in reduction of the mortgage indebtedness of Hoskins to it, the value of the stock which he had pledged to it as collateral security, is not to be questioned. The payments which he had made upon that stock were not ipso facto payments upon the mortgage: Spring Garden Association v. Tradesmen's Loan Association, 46 Pa. 493; Freemansburg B. & L. Association v. Watts, 199 Pa. 221; Leechburg B. & L. Association v. Kinter, 233 Pa. 354; but, under the terms of the assignment by Hoskins of the stock as collateral security, the association could have appropriated the value of the same towards the payment of the mortgage. It was not, however, required to do so; its right at all times was to look to the mortgaged premises alone for the payment of its mortgage; and if it failed to make any appropriation of the value of the stock until after sufficient had been realized on a sheriff's sale of the mortgaged premises to pay its mortgage in full, it could not thereafter credit the value of the stock on its judgment against Hoskins to the prejudice of the appellee, the attaching creditor. This is just what it attempted to do. While it is true that, in a statement sent to Hoskins and in one sent to another at his request, in February, 1910, the withdrawal value of his stock at that time was given as an offset to the mortgage, the subsequent action of the association conclusively shows that it had not appropriated the value of the stock to the payment of the mortgage. On June 27, 1911, it entered judgment for

the full amount of the mortgage, with interest. It proceeded to sell the mortgaged premises for the satisfaction of its claim as entered, and money came into the hands of the sheriff to pay the full amount which it alleged was due it when it entered its judgment, with no credit for the value of the stock. After it had been thus legally paid, the appellee issued its attachment, and only after the same had been duly served on August 16, 1910, was any attempt made by the association to appropriate the value of the stock to the debt that had been paid by operation of law. What the purpose of the association was in attempting to make this belated appropriation is not material, but it is admitted in its answer to the seventh interrogatory of the attaching creditor that it was for the relief of Phillips, the holder of the second mortgage; and this relief was to be given to him only upon condition that the association was to be fully indemnified by a surety company's bond against any loss which it might or could suffer by reason of the said appropriation. If there had been an appropriation by the association of the value of the stock to the payment of the amount due on the mortgage, why was judgment entered on June 27, 1911, for the full amount of the mortgage, with interest? If there had been an appropriation of the value of the stock to the payment of the judgment after it was entered, why was not such appropriation credited on it before the sheriff's sale, or before this attachment was issued? If there had been an appropriation any time before September 11, why the necessity for the resolution of that day directing that the credit for the value of the stock should subsequently be given by the solicitor in settling with the sheriff, and then only upon condition that the association should be indemnified against any loss in giving such credit? The full amount claimed by it was payable to it out of the funds in the hands of the sheriff. It was, therefore, fully paid in the eye of the law, and thereafter the stock of Hoskins remained in its hands subject to the process

of his creditors.   The judgment in favor of the appellee must be affirmed.

Judgment affirmed.