# Ramstein *v.* Handel and Haydn Building & Loan Association, Appellant.

*Evidence—Witness—Memorandum to refresh memory—Deputy
sheriff—Distribution of fund in sheriff's hand.*

Where on the trial of a case involving a question as to the
amount of a fund distributed by the sheriff, a deputy sheriff, al-
though having no personal recollection of the transaction is a com-
petent witness as to the amount distributed, where he uses a mem-
orandum made by himself to refresh his recollection, and testifies
positively, after refreshing his recollection from the memorandum,
he could state how much money was distributed.

*Building and loan associations—Stock—Sheriff's mortgage—
Sheriff's sale—Changing course of distribution.*

Where a building and loan association procures a sale of real
estate on a mortgage given by a deceased member in his lifetime
and the sale realized enough to pay the indebtedness and all arrear-
ages, the association has no right, at the settlement with the sheriff,
to credit the value of the stock assigned to it, on its judgment so
as to leave a balance in the sheriff's hands which was paid to a

junior creditor of the decedent. If it does so it will be liable in such amount to the executor of the decedent. In such a case, as soon as the sale was made, the stock was free, and the executor was entitled to it.

Argued Oct. 5, 1916. Appeal, No. 342, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1912, No. 3506, on verdict for plaintiff in case of Dora Ramstein, executrix of last will and testament of August Ramstein, deceased, v. Handel & Haydn Building & Loan Assn. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, J.J. Affirmed.

Assumpsit against a building and loan association to recover a loss alleged to have been caused by the wrongful forfeiture of stock standing in the name of the testator. Before BREGY, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court permitted under objection and exception, George deB. Myers, deputy sheriff, to testify as to the amount of a fund distributed by the sheriff.

The court charged as follows:

"I am going to give you instructions as to the verdict you will render, and take the responsibility of deciding this case, because it is a question of law. The case of the Hamilton Trust Company v. Hoskins, 244 Pa. 1, I think, rules this case. That decided that where there is a sheriff's sale on a building association mortgage that brings more than enough to pay the indebtedness, arrearages on stocks and everything, then the stock is free and goes back to the person who gives the mortgage. In this case, that person being dead, the executrix gets it. The only question involved in this case, and it is not much of a question as I look at it, is whether the sheriff realized enough to pay the mortgage debt and all the accessories. In other words, the full amount of the assessment as it is called in the law. As it was a settlement for not only

192 RAMSTEIN *v.* HANDEL & H. B. & L. ASSN., Appel.

Charge of Court below—Opinion of the Court. [65 Pa. Superior Ct.

this mortgage, but as the sheriff must, out of the funds realized from these sales, pay to other judgments which more than cover everything, there is no question about it.

I, therefore, instruct you to render a verdict for the plaintiff for $1,120 with interest from August 30, 1912.

Verdict and judgment for plaintiff for $1,120. Defendant appealed.

*Errors assigned* were rulings on evidence, and the charge of the court.

*Jos. H. Sundheim,* of *Bernheimer & Sundheim,* with him *L. Lasker Greenberg,* for appellant.—It was improper to admit the testimony of Myers: Velott v. Lewis, 102 Pa. 326; Clark v. Union Traction Co., 210 Pa. 636; Reed v. Orton, 105 Pa. 294.

The case of Hamilton Trust Company v. Hoskins, 244 Pa. 1, does not apply.

*Adolph Eichholz,* with him *Warren C. Graham,* for appellee.—When the sheriff's sale had realized enough to pay the appellant's judgment in full, the judgment was paid, the stock was released and reverted to the debtor's executrix to be administered and distributed among the creditors under the supervision of the Orphans' Court: Hamilton Trust Co. v. Hoskins, 244 Pa. 1.

OPINION BY HENDERSON, J., December 18, 1916:

This action was brought to recover the value of shares of stock owned by the decedent in the defendant association. The value of the stock is admitted. It was pledged in the lifetime of the owner as collateral security for the payment of a bond and mortgage given for a loan made by the association to the decedent. The mortgage covered two pieces of property. Default having occurred, the mortgage was foreclosed by the association and judgment was entered for the full amount of the

debt, interest, premiums, arrearage of dues and fines. No credit was given for the withdrawal value of the stock nor was it then forfeited. The judgment entered on the mortgage amounted to $4,483.53. One of the parcels of real estate sold for $4,700 and the other for $700. The latter piece was bought at the sheriff's sale by F. A. Poth and Sons, judgment creditor of the decedent and also of the widow of the decedent, the judgments being junior to the mortgage. The amount for which the real estate was sold, $5,400, was greater than was required to satisfy the building association's claim. At the settlement with the sheriff the defendant instead of taking the necessary sum to discharge its indebtedness credited the value of the stock on its judgment and received from the sheriff the difference between the amount of its judgment and the value of the stock and in that way left in the sheriff's hands $1,452.42 which was paid to Poth and Sons the junior creditor. The assignments of error relate principally to the admission or rejection of evidence. The first, second, third, fourth, fifth and sixth apply to the testimony of Deputy Sheriff Myers who made the distribution of the fund. The objection to his testimony was that he had no personal recollection of the transaction, but it is clear that he was a competent witness under the evidence for the memorandum by which he refreshed his recollection was made by himself and he testified positively that after refreshing his recollection from that memorandum he could state how much money was distributed for the sheriff on the writ. It is unnecessary to cite authorities to support the action of the learned trial judge in this respect. The witness testified positively as to the payment of $1,452.42 on the judgment subsequent to the mortgage after costs and taxes had been paid and after having paid the amount claimed by the association on its judgment and, it appears from the evidence of Mr. Ehrlich called by the defendant, that the payment was so made to Poth and Sons. There is no support, therefore, for the objection suggested in the

fourth assignment.   The record of the Orphans' Court made out a prima facie case of the insolvency of the August Ramstein estate.   It was an adjudication to that effect and while not conclusive on the defendant was sufficient to establish the fact in the absence of evidence to the contrary, of which there was none.   This offer was apparently made for the purpose of showing that there were creditors of the decedent who were entitled to participate in the assets of the estate in addition to Poth and Sons.   We do not regard that as a material fact, however, for if the appropriation should have been made to the judgment of the building and loan association in full the insolvency of the estate will not affect the question.   There is no evidence of an equitable assignment of the stock to Poth and Sons.   It was already assigned to the defendant and no offer was made of competent evidence to show that any other assignment had been made.   The suggestion that it was not proved that the sheriff received a sufficient sum to pay the mortgage judgment is not convincing.   It is true that $450 of the amount of the Poth and Sons' bid was not paid in money.   They had paid to the sheriff $250 which applied on the bid and the purchaser's receipt was given for the remaining $450, but there was no dispute that Poth and Sons were able to pay and, except for the arrangement by the defendant under which the value of the stock was credited on the mortgage judgment, the sheriff would doubtless have had the money in his hands. It was potentially in his custody.   On a similar state of facts in Hamilton Trust Company v. Hoskins, 244 Pa. 1, it was held, that it was the right of the building association at all times to look to the mortgaged premises alone for the payment of its mortgage and that if it failed to make any appropriation of the value of the stock until after sufficient had been realized on a sheriff's sale of the mortgaged premises to pay its mortgage in full, it could not thereafter credit the value of the stock on its judgment against the defendant to the prejudice of an at-

taching creditor; that the association could not forfeit the stock after the sheriff's sale and apply the surrender value thereof as a credit on the mortgage judgment. The facts in the two cases are substantially identical and the decision referred to is conclusive in this appeal. When the defendant procured a sale of the mortgaged premises and a sufficient fund was raised thereby to discharge its claim the debt was legally paid and it was not in the power of the association at a subsequent time to appropriate the stock as a credit on the judgment and thereby change the course of distribution of the proceeds of the sheriff's sale.

The assignments are overruled and the judgment affirmed.