# Robert Grace Contracting Company, Appellant, v. Norfolk & Western Railway Company.

*Contracts—Written contract—Subsequent parol agreement—Advancing time for completing work—Absence of provision as to increased compensation—Quantum meruit for increased cost—Practice, C. P.—Statement of claim—Insufficiency—Affidavit of defense in nature of demurrer—Practice Act, May 14, 1915, P. L. 483.*

1. The effect of an affidavit of defense in the nature of a demurrer filed under the Practice Act of May 14, 1915, P. L. 483, is to test the sufficiency of the plaintiff's statement, which must be self-sustaining and set out a good cause of action.

2. The legal effect of writings attached to the pleadings is for the court and cannot be controlled by averments of the parties.

3. Letters exchanged in confirmation of a verbal agreement will be presumed to correctly state it, especially where they are retained without objection.

4. A new agreement will supersede an old one so far as they cannot be executed together.

5. Where a parol agreement entered into subsequent to the execution of a written contract, modifies the latter only in the respect that the work shall be completed at an earlier date, a recovery cannot be had on a quantum meruit for all work thereafter done on the theory that the original contract has been abrogated.

6. In an action by a construction company against a railroad company, it was alleged that plaintiff entered into two written contracts with the defendant to construct two sections of a railroad bed for defendant by December 1st. All of the work was completed on time, accepted and paid for. Plaintiff subsequently brought suit on an alleged verbal agreement, made during the progress of the work, and confirmed by letters, contending that such agreement superseded the original contracts. The alleged change was for the completion of the work at earlier dates, November 7th as to one contract, and October 7th as to the other, thereby greatly increasing the cost of construction. The work was not completed on the earlier dates, but on December 1st as to the one contract, and a week earlier as to the other, due to defendant's alleged dilatoriness in furnishing rails required under an independent verbal agreement made subsequent to the main contracts. The alleged new arrangement made no change in the work to be done or the price to be paid, nor did it abrogate a provision for award by defendant's chief engineer, and plaintiff sued on a quan-

tum meruit. From the time of the commencement of the work under the new agreement plaintiff gave notice from time to time that it would expect additional compensation. *Held,* plaintiff's statement was insufficient and judgment was properly entered for the defendant.

Malone & Son v. Philadelphia & Reading R. R., 157 Pa. 430, distinguished.

Argued Oct. 12, 1917. Appeal, No. 127, Oct. T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 625, entered for want of a sufficient statement of claim in case of Robert Grace Contracting Company v. Norfolk & Western Railway Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Assumpsit on quantum meruit based on alleged verbal agreement to complete at an earlier date work being done under written contracts. Before SHAFER, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant filed an affidavit of defense in the nature of a demurrer under the Practice Act of May 14, 1915, P. L. 483.

The lower court entered judgment for the defendant. Plaintiff appealed.

*Error assigned,* among others, was in entering judgment for the defendant.

*William Watson Smith,* of *Gordon & Smith,* for appellant.—The advancing of the time for the completion of the work, necessitating a change of method in doing the work and consequent increased expense, entitles plaintiff to recover a reasonable value of such increased cost: Edmundson v. Pittsburgh School District, 248 Pa. 559; Malone v. Philadelphia & Reading R. R., 157 Pa. 430; Vicary v. Moore, 2 Watts 451; Reber v. Brownback, 27 Pa. Superior Ct. 471; Salt Lake City v. Smith, 104 Fed. Repr. 457; Somerset Borough v. Ott, 207 Pa. 539.

*Richard H. Hawkins,* of *Dalzell, Fisher & Hawkins,* with him *Theodore W. Reath,* for appellee.—The alleged modification of the original written contracts changed them only in respect to the time of the completion of the work and did not alter the provisions thereof requiring the engineer's certificate for work done and for extra compensation. The plaintiff is therefore not entitled to recover: McGrann v. The North Lebanon Railroad Co., 29 Pa. 82; O'Reilly v. Kerns, 52 Pa. 214.

The statement of claim exhibits the original contracts of writing which were the basis of the work, and which make the decision of the chief engineer upon any controversy final and a condition precedent to payments for the work, and as the statement fails to allege an award by, or fraud on the part of the chief engineer, it discloses no cause of action: Adinolfi v. Hazlett, 242 Pa. 25; McManus v. Philadelphia, 201 Pa. 632; Werneberg v. Pittsburgh, 210 Pa. 267; Jonathan Clark & Sons Company v. Pittsburgh, 217 Pa. 46.

The case was properly decided upon demurrer: Rosenblum v. Stolzenberg, 36 Pa. Superior Ct. 644; Martinsburg & Potomac Railroad Company v. March, 114 U. S. 549.

The legal effect of writings which are exhibited with pleadings is a question of law and cannot be controlled by contradictory averments in the pleading itself: Leechburg Building & Loan Association v. Kinter, 233 Pa. 354.

OPINION BY MR. JUSTICE WALLING, January 7, 1918:

This is an action of assumpsit to recover a balance alleged to be due for railroad construction.

Defendant is a Virginia railroad company and plaintiff is a Pennsylvania construction corporation. In the spring of 1915 defendant awarded plaintiff contracts for the construction of two sections of railroad bed in Virginia. One of the contracts bears date of March 31st and the other April 8, 1915. Each contract calls for the completion of the work on or before December 1st of that

year.  The contracts are alike in form, except as to date and reference to the subject-matter, and are very exhaustive, each covering forty-eight printed pages.  The entire work was placed under the control and supervision of defendant's chief engineer.  As the work progressed, plaintiff was to be paid monthly eighty-five per cent. of the engineer's estimates and balance on completion.  The contracts provide, inter alia, that "All questions, differences, or controversies, which may arise between the parties hereto in regard to any work to be done under this agreement, whether as to its performance or nonperformance, or in any way whatever pertaining to or connected with the said work, shall be referred to the said chief engineer and his decision shall be in the nature of an award, and shall be final and conclusive upon both parties, unless the same shall be reversed or modified by the president of the company, upon appeal by either party; and compliance on the part of the contractor with every such decision of the chief engineer shall be a condition precedent to the right to receive any payment hereunder.  This contract, and every provision thereof, may be modified or extended by the mutual agreement of the parties hereto, subject only to the approval of the company."  And, further, that the final estimate of the chief engineer shall be conclusive upon the parties unless modified by the defendant's president on appeal.  So far as appears all of the work was completed, accepted and paid for as required in the contracts.  In fact the work under one of the contracts was completed on the day called for, to wit, December 1, 1915, and the other a week in advance thereof.  Plaintiff's statement in this case, however, makes no claim on these contracts but sets up an alleged verbal agreement, made during the progress of the work and confirmed by letters, which it avers superseded the originals.  The change alleged was for a completion of the work at an earlier date, to wit, under one contract by October 7th and under the other by November 7, 1915; and provid-

ing for double shift work, etc., to bring about that result. Plaintiff avers that this change greatly increased the cost of the work, and, as no price was fixed by the new agreement, claims on a quantum meruit for all work thereafter done, making a balance of $62,237.20, after crediting the amount received according to the provisions of the old contracts. Plaintiff also avers that about the time of beginning work under the new agreement, and from time to time thereafter, it gave notice to defendant that it would expect to receive additional compensation therefor; and that such notices were received by defendant without protest being made thereto, until long after the completion of the work. It further avers that by reason of certain specified defaults on part of defendant, the plaintiff was entitled to approximately a month and a half additional time in which to complete the work.

The defendant filed an affidavit of defense, raising questions of law only, in accordance with Section 20 of the Practice Act of May 14, 1915, P. L. 483-486. This was in effect a demurrer to plaintiff's statement, and, after hearing thereon, the court below filed an opinion and entered judgment for the defendant; from which plaintiff took this appeal. The practice accords with the statute and the conclusion of the lower court seems free from error. Being a demurrer, plaintiff's statement must be self-sustaining and set out a good cause of action. The only claim here made is on a quantum meruit to recover for the value of the work as done, on the theory that the original contracts had been abrogated. It is not a suit for extra work, or for extra pay because of force or double-shift work, or for damages for delay caused by defendant's default. It ignores the original contracts, while properly setting out copies thereof, and sues for the value of the work as if no price had ever been fixed. This in our opinion cannot be done. The new arrangement made no change in the work to be done or in the price to be paid. The case is quite similar

to that of McCauley v. Keller, 130 Pa. 53, where the contract for railroad construction specified second class masonry and by a new agreement first class masonry was in part to be substituted, "as directed by the engineer," and to be paid for at what it was reasonably worth. It is there held that the new work must be done under the provisions of the old contract and subject to the decision of the engineer as therein provided. Mr. Justice CLARK in delivering the opinion of the court says, "It was undoubtedly competent for the plaintiff, by parol, to show a new and distinct agreement subsequent to the contract under seal, whereby, upon a new consideration, the original agreement was changed and the plaintiffs agreed to perform additional work, or the same work in a different manner.......But, in such cases, the special contract will be pursued as far as it can be traced in the intention of the parties. The deviation, except where otherwise expressed or mutually understood, must be taken in its proper connection with the original contract, with reference to and in modification of which it was made.......It is plain, then, that the sealed instrument must be supposed to contain the agreement of the parties to the full extent that it has not been modified by the subsequent parol contract, and that both taken together (the former being subject to the latter) state the agreement of the parties. If there had been no provision for estimates, etc., the plaintiff would, without doubt, have been entitled to recover upon a quantum meruit whatever he could show the work was worth; but all the work was to be done as directed by the engineer, and was to be paid for as estimated by the engineer in charge during the month. The work covered by the parol agreement was the same work which was embraced in the special contract. It is alleged simply that it was to be performed in a different way if the engineer required it to be so done, and if the estimate of the engineer was not to determine its nature and extent it would doubtless have been so stated." In McGrann

v. The North Lebanon Railroad Co., 29 Pa. 82, there was a change of location of the railroad, except at the termini, and it was held that the prices for the grading, masonry, etc., remained under the old contract and that recovery could not be had on a quantum meruit. There, however, the right to change the route was specified in the contract.

A new agreement will supersede the old so far as they cannot be executed together. See Ellmaker v. Franklin Fire Insurance Co., 6 W. & S. 439; Prouty v. Kreamer, 199 Pa. 273, 276. In the case at bar plaintiff had the right under the original contracts to complete the work before the first of December, so the alleged new agreement to speed up the work and finish it at an earlier date did not conflict with the other; both could be executed together. The new arrangement referred only to the matter of speeding up and completion of the work, as to all else the old contract was not changed. What plaintiff did amounted to a fulfillment of the original contracts. The extent to which a new contract supersedes the old depends upon the nature of the change and the intention of the parties. Here there is nothing to indicate that any change was intended except in the matter of time. In fact the acts of the parties rebut such intention. The notices which plaintiff avers were given defendant, above referred to as to additional compensation, show that plaintiff did not then consider the original contracts terminated or that the work was being done on a quantum meruit. The additional compensation clearly referred to a claim for pay, beyond that named in the original contracts, because of the speed work. If the work was to be paid for at its reasonable value as force work when so paid there would be nothing more due and there could be no claim for additional compensation. Aside from that, as we understand the facts, the work was paid for on monthly estimates and at the price named in the original contracts until the end. Parties, who after making a new contract, continue to act

under the old are bound by it, at least so far as they are not inconsistent. See McGrann v. The North Lebanon Railroad Co., supra. The present suit is not founded on any estimate or award of the chief engineer, but on the theory that the contracts requiring such engineer's approval, as a prerequisite to a right of action, were abrogated by the alleged new agreement.

In the case of Malone & Son v. Philadelphia & Reading R. R., 157 Pa. 430, relied upon by plaintiff, the facts were different. That was a contract for building a bridge, enlarging tunnels, approaches thereto, etc., and it was substantially changed by subsequent agreement. The manner of enlarging the tunnel was changed from removing loose material at the bottom to excavation of rock at the top thereby greatly increasing the cost, and the approaches were greatly enlarged. In fact one part of the work was made six times as expensive as that called for in the original contract. There the contracts could not stand together and the new was held to supplant the old.

The parties to a written contract may modify or set it aside. The question here is, did they do so and to what extent? The statement sets out copies of letters in confirmation of the alleged verbal agreement. And while they show that plaintiff promised to speed up and double shift, they do not show an agreement on its part to complete the work at the earlier dates requested in defendant's letters. The legal effect of writings attached to the pleadings is for the court and cannot be controlled by the averments of the parties: Leechburg Building & Loan Association v. Kinter, 233 Pa. 354. Letters exchanged in confirmation of a verbal agreement will be presumed to correctly state it, especially where they are retained without objection. Plaintiff's original bid refers to double shift as one of its methods of work; and the contracts authorize the chief engineer to speed up the work, but not to require its completion before the time specified.

Bids were submitted and the contracts made on defendant's estimates purporting to give the approximate amounts, and the work somewhat exceeded the estimates. But as plaintiff was paid by the yard such excess could afford no ground for a quantum meruit claim, especially as the estimates were made in good faith and did not purport to be accurate. In general such estimates are only approximate: Coal & Iron Ry. Co. v. Reherd, 204 Fed. Rep. 859. Plaintiff also avers that it was delayed approximately three weeks on one of the sections by defendant's dilatoriness in furnishing rails pursuant to an independent verbal agreement made subsequent to the main contracts. But that is given as a reason for delay and not as a separate claim. The price for every item of work done was fixed by the contracts and in our opinion was not changed or set aside and therefore there is no basis for a recovery of what the work may have been reasonably worth, and that is the only claim made.

The assignments of error are overruled and the judgment is affirmed.