## Franklin Sugar Refining Co. v. Fulton, Mehring & Hauser Co.

*Practice, C. P.—Pleading — Statement of claim — Contracts—Writings—Oral contract—Act of May 14, 1915.*

1. Under the Act of May 14, 1915, P. L. 483, plaintiff's statement must set forth whether the contracts involved in the suit were written or oral.

2. If they were written, copies thereof should be attached to the statement, omitting copies of letters, memoranda of sales, etc., which are not parts of the contracts, but merely instruments of evidence for the proof of other facts.

3. If the contracts are oral or partly oral and partly written, they belong to the class of parol contracts and should be so declared upon, and their terms and conditions should be accurately and specifically averred in the statement.

4. The defendant is entitled to full and specific information as to all the details of the alleged contracts, the breach of the same and the damages claimed, so that he may determine whether to admit or deny them in whole or in part, and thereby avoid trial entirely or reduce its trouble and expense.

Motion to strike off statement of claim. C. P. York Co., Aug. T., 1921, No. 152.

*James G. Glessner*, for motion.

*Harvey A. Gross* and *Henry S. Drinker, Jr.*, contra.

WANNER, P. J., Oct. 24, 1921.—The statement is open to the objection that it does not specifically state whether the eight contracts in suit are written or verbal, as required by section 9 of the "Practice Act, 1915," P. L. 483: International Clay Machine Co. *v.* Keystone Clay Co., 29 Dist. R. 753; Gilmer Brothers *v.* Walker, 29 Dist. R. 510; Philadelphia Gear Co. *v.* Climax Machine Co., 29 Dist. R. 493.

If they were in writing, the statement should set them forth in full with an affidavit of the correctness of the copies thereof, as required by the rules of this court. In that case, copies of letters, memoranda of sales, &c., which are not parts of the contracts themselves, but merely instruments of evidence for the proof of other facts, should be omitted from the statement as provided in section 5 of the "Practice Act, 1915:" New York & Penna. Co. *v.* New York Central R. R. Co., 267 Pa. 64.

If the contracts in suit were verbal, or partly verbal and partly written, they belong to the class of parol contracts and should be so declared upon, and their terms and conditions should be accurately and specifically averred in the statement, omitting, as before, copies of all writings which are not a part of the contract itself, but mere instruments of evidence for the proof of extrinsic facts: Robert Grace Contracting Co. *v.* Norfolk & Western Ry. Co., 259 Pa. 241-248.

The defendant is entitled to full and specific information as to all the details of the alleged contracts in suit, the breach of the same and the damages claimed, in order that he may determine whether to admit or to deny them in whole or in part, and thereby avoid trial entirely, or reduce its trouble and expense by clearly defining and limiting the issues of facts to be determined.

In this case, though the statement is lengthy and sets forth numerous written instruments of evidence, it lacks clear and accurate disclosure of the precise terms of the contracts in suit, if they included anything verbal, which they apparently did from some of the allegations in the statement. What the defendant's obligations were seems to be partly a matter of inference from the former course of dealing between the parties and the customs observed between the sugar broker and the plaintiff, as influenced by conditions in the trade.

It is objected by the defendant that the correctness of the copies of the written instruments contained in the statement are not sworn to as required by the rules of this court, but we are of the opinion that the general affidavit of the truth of the facts alleged in the statement, which is attached thereto, is a sufficient compliance with the rules in question.

Now, to wit, Oct. 24, 1921, the plaintiff's statement is stricken off for noncompliance with the provisions of section 9 of the "Practice Act, 1915," P. L. 483, with leave to file a new statement within fifteen days after the filing of this opinion.

From Richard E. Cochran, York, Pa.