## Van Aken v. Scammell

*Jacob L. Grim*, for plaintiff; *Edgar T. Snipes*, for defendant.

BOYER, J., May 7, 1934.—This is an action of assumpsit brought into this court on appeal from a justice of the peace. The plaintiff filed his statement of claim, whereupon the defendant filed an affidavit of defense raising questions of law, signed by the defendant's attorney without any affidavit thereto. To this affidavit of defense the plaintiff took a rule for judgment for want of a sufficient affidavit of defense, on the ground that it was not sworn to. The statutory demurrer and plaintiff's rule for judgment were heard together.

Assuming that the affidavit of defense raising questions of law was sufficient in form, we are of the opinion that it is without merit. The statement of claim sets forth an agreement between the plaintiff and defendant whereby the former promised to, and did, discontinue an action before a justice of the peace for a consideration to be paid him by the defendant, but in the payment of which defendant defaulted and for the recovery of which this suit was brought. While the statement of claim may be subject to criticism on the ground that it is not very specific, that defect is not a ground either for demurrer or for a rule to strike off, and the questions of law raised by the affidavit of defense must be decided against the defendant with leave to file a supplemental affidavit of defense.

The plaintiff objects to the filing of a supplemental affidavit of defense on the ground that the statutory demurrer was not sworn to and is therefore no affidavit of defense at all within the contemplation of the Practice Act of 1915, and that the time for filing an affidavit of defense has now expired. He contends that the Practice Act requires that an affidavit of defense raising questions of law must be sworn to, relying on the cases of Ralston Purina Co. v. Frantz, 3 D. & C. 136, and Sherman Lumber Co. v. Hoyt, 19 Luz. L. R. 469. In both these cases, the courts apparently assumed that an affidavit of defense raising questions of law must be sworn to, the former case holding that the defendant should have made the affidavit instead of counsel and the latter holding that, since only questions of law were involved, the attorney could properly make the affidavit. In each of those cases, the court assumed that an affidavit is required, although neither of them discussed or specifically decided that question. In the case of Smalley v. Hartland-Blanchard Co., Inc., 20 Lacka. Jur. 9, 12, the court of Lackawanna County held that such an affidavit of defense raising questions of law need not be verified by an officer of the defendant corporation because, "the affidavit raising a question of law is in effect a demurrer, by whatever name it might be designated in the Practice Act." The case as reported does not indicate whether the demurrer was verified by any person at all. Apparently it contained no affidavit.

We agree with the latter decision that this pleading is in fact a demurrer and not an affidavit of defense in any sense of the word: Robert Grace Contracting Co. v. Norfolk & Western Ry. Co., 259 Pa. 241. It is provided for by a separate section of the Practice Act of 1915, and, although that section is quite lengthy and detailed, it contains no reference to or requirement of an affidavit. We think this is significant and indicates what must have been the intention of the legislature. It cannot be assumed, from the mere fact that it used the words "affidavit of defense", that it intended such an absurd requirement as an affidavit to the truth of facts in the pleading when actually not a single fact is averred in it. If it did set forth any facts, the pleading would be bad as a "speaking demurrer". A demurrer is nothing more than the expression of a legal opinion, to which an affidavit could add nothing. An affidavit is defined to be "a voluntary oath before some judge or officer of the court to evince the truth of certain facts."

"The terms 'oath' and 'affidavit' include every mode authorized by law of attesting the truth of that which it stated": 1 Words & Phrases (1st ed.), 240. An affidavit to the truth of facts in a pleading in which no facts are averred would be a paradox bordering on the ridiculous, and we cannot construe the Practice Act as requiring it. This seems to be in accord with the approved practice: Smith's Pennsylvania Practice Act (2d ed.), 449 et seq.; Smith's Pennsylvania Practice Act (3d ed.), 603 et seq. and footnote, p. 608.

662

Now, May 7, 1934, the rule for judgment for want of a sufficient affidavit of defense is dismissed. The questions of law raised in the affidavit of defense are decided against the defendant and are dismissed. Leave is granted to the defendant to file a petition for a more specific statement or a supplemental affidavit of defense to the facts within 15 days from this date.

From Isaac J. Vanartsdalen, Doylestown, Pa.